UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO GARCIA, | : |
| Petitioner, | : Civ. No. 16-0840 (KM) |
| v. | : |
| OSCAR AVILES, | : **MEMORANDUM AND ORDER** |
| Respondent. | : |

The petitioner, Alejandro Garcia, is an immigration detainee currently lodged at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his current immigration detention. Mr. Garcia is in immigration detention based upon prior criminal convictions from New York.

In February, 2016, Mr. Garcia filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He argues that his continued detention pending the conclusion of his removal proceedings has exceeded a reasonable period of time and his detention no longer serves the purposes of 8 U.S.C. § 1226(c). Mr. Garcia requests that he should be ordered to be released on bond or that this Court immediately order that a bond hearing take place.

On April 4, 2016, the government filed its response to the habeas petition. (*See* Dkt. No. 6) In its response, the government states that it does not object to Mr. Garcia's request for an order directing an Immigration Judge to conduct a bond hearing.

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period.[1] Detention of an alien

---

[1] Mr. Garcia is considered still within the pre-removal immigration detention period because he states (and the government does not contest) that the United States Court of Appeals for the

before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

---

Second Circuit has issued a stay of removal in this case. *See Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015) ("In the event that an alien seeks a stay of removal and that stay is granted . . . an alien's detention during the stay reverts to a pre-removal status[.]") (citing *Leslie v. Attorney General of United States*, 678 F.3d 265, 268-70 (3d Cir. 2012); *Llorente v. Holder*, No. 11-6940, 2012 WL 1191147, at *5-6 (D.N.J. Apr. 10, 2012)); *see also Bulatov v. Hendricks*, No. 11-0845, 2012 WL 4753366, at *4-5 (D.N.J. Oct. 4, 2012).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez*, the Third Circuit noted with respect to the

circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith has at least the potential to impact whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing."). Additionally, it is worth noting that in the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not release the petitioner from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

In this case, neither party has provided this Court with a statement of the precise length of time that Mr. Garcia has been in pre-removal immigration detention. However, at this point, even the government concedes that it would be appropriate for this Court to grant the petition and order that a bond hearing be held by an Immigration Judge in accord with *Chavez-Alvarez*. In light of the government's concession, along with the fact that there is no evidence of bad faith on Mr. Garcia's part, this Court will grant the habeas petition and direct that an Immigration Judge conduct a bond hearing.

Accordingly, IT IS this 4th day of April, 2016,

ORDERED that the petition for writ of habeas corpus is granted; and it is further

ORDERED that an Immigration Judge shall provide petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within ten (10) days of the date of this Order; and it is further

ORDERED that the respondent shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

ORDERED that the Clerk shall serve this Memorandum Order on petitioner by regular U.S. mail; and it is further

ORDERED that the Clerk shall mark this case as closed.

KEVIN MCNULTY
United States District Judge